# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| Kamil Johnson, | Civil Action No. 0:20-00176-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden, W.E. Mackelburg, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 9) recommending that the petition for habeas relief under 28 U.S.C. § 2241 be summarily dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the Order of the Court to dismiss the petition without prejudice.

**I.     Background**

Kamil Johnson ("Petitioner") is a prisoner at the Federal Correctional Institution in Estill, South Carolina. (Dkt. No. 1 at 1.) He filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*Id.*) In 2002, the Minnesota district court sentenced the petitioner to life imprisonment for convictions of murder in aid of racketeering and aiding and abetting murder in aid of racketeering. (*Id.* at 2.) Petitioner unsuccessfully challenged his conviction through a direct appeal and a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *See United States v. Johnson*, Case No. 2-cr-13-PLS-FLN, Dkt. Nos. 200, 209.

In 2015, the Minnesota district court resentenced him to forty-two years' imprisonment pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012); *Johnson*, Dkt. No. 307 at 29. Prior to resentencing, petitioner argued that because the murder in aid of racketeering statute 18 U.S.C. § 1959(a)(1), only sets forth two punishments for death or life imprisonment, his 2015 sentence is

void because it is not a punishment established by Congress. *Johnson*, Dkt. No. 307 at 2–5. The sentencing court rejected his argument because: (1) he was represented by counsel and could not make *pro se* motions; (2) *Miller* did not prohibit life sentences where parole was available; and (3) the Supreme Court remanded *Miller* for resentencing although the juvenile defendants in that case were convicted under 18 U.S.C. § 1959 (a)(1) where the only punishments were death and life imprisonment. *Id.*

In 2016, petitioner filed an additional petition for habeas relief in the Minnesota district court pursuant to 28 U.S.C. § 2255 where he restated his arguments. *Id*. Dkt. No. 313 at 12–17. The court rejected the petition as successive, concluding that petitioner failed to obtain authorization to file a successive §2255 motion from the Court of Appeals for the Eighth Circuit. *Id.* at 316. The court also noted his argument was without merit and frivolous for the reasons articulated by the sentencing court. *Id.*

Petitioner filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241, arguing that because the murder in aid of racketeering statute only sets forth two punishments, death or life imprisonment, his 2015 sentence is void because it is not a punishment established by Congress. (Dkt. No. 1 at 9–11.)

**II.** **Legal Standard**

**A.** **Review of R & R**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner filed objections to the R & R and the Court conducts a *de novo* review.

## III. Discussion

The Court finds that the Magistrate Judge properly concluded that the § 2241 petition should be dismissed without prejudice because the Court lacks jurisdiction. "[I]t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255" rather than § 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner may nonetheless proceed under § 2241 if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2010). To demonstrate that a § 2255 petition would be inadequate or ineffective, the petitioner must establish:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) (emphasis supplied) (citing *In re Jones*, 226 F.3d at 333-34).

The Court carefully considered petitioner's objections to the R & R, including that the Magistrate Judge "review[ed] his claim under an improper standard." (Dkt. No. 11 at 2–3.) Upon a review of the petition, the Court finds the Magistrate Judge applied the correct standard under *Wheeler* to conclude the petitioner fails to satisfy the requirements of the savings clause. (Dkt. No.

9 at 4.) Petitioner cannot satisfy element two under the *Wheeler* standard because he does not rely on a substantive change in the law. Instead, petitioner argues that because the murder in aid of racketeering statute only sets forth two punishments, death or life imprisonment, his 2015 sentence is void because it is not a punishment established by Congress. This claim was previously rejected by the Minnesota district court that imposed his sentence. *See* 28 U.S.C. 2255 (e) (noting that a § 2241 petitioner shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief.) A failure to meet the requirements of the savings clause is a jurisdictional defect that cannot be waived. *See Wheeler*, 886 F.3d at 426. Because Petitioner does not meet the *Wheeler* §2255 savings clause factors, his § 2241 petition must be dismissed for lack of jurisdiction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

IV. **Certificate of Appealability**

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

*Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. Therefore a certificate of appealability is denied.

**V.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 9) as the Order of the Court, and **DISMISSMES WITHOUT PREJDICE** the petition brought under 28 U.S.C. § 2241. (Dkt. No. 1.)

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

March 20, 2020
Charleston, South Carolina